JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Donna M. Baltz, appeals pro se from the judgment of the Cleveland Municipal Court, Housing Division, which affirmed the magistrate's decision denying her application for an order to compel repairs and reduce periodic rent, and releasing money on deposit with the court to appellee, The Cuyahoga Metropolitan Housing Authority ("CMHA"). For the reasons that follow, we affirm.
 {¶ 2} The record reflects that appellant filed an application for an order to compel repairs, reduce periodic rent and for money damages on February 5, 2002. Appellant's complaint alleged that her apartment, which is owned by CMHA, was ant infested and sought an order compelling repairs, reduction of rent and damages for the treatment of allergies she allegedly incurred as a result of the ant infestation and costs for cleaning the furniture and other items in her apartment.
 {¶ 3} Trial commenced on April 29, 2002. On May 15, 2002, the magistrate issued her report and recommendation denying appellant's application. In her report, the magistrate found that appellant had reported to appellee on three separate occasions that her apartment was infested with ants. Appellee had the apartment exterminated on January 28, 2002, in response to appellant's first complaint regarding the ant infestation. After appellant complained again several weeks later, a CMHA property manager inspected appellant's apartment on February 6, 2002. Although the property manager did not observe ants or ant remains in appellant's apartment, she ordered that the apartment be exterminated again. This extermination was completed on March 1, 2002. A City of Cleveland housing inspector inspected appellant's apartment approximately two weeks later and reported that he did not observe any ants or ant remains anywhere in appellant's apartment. Appellant's apartment was exterminated a third time in April, 2002, however, as part of the monthly extermination performed by CMHA on all rental units in the building where appellant resides.
 {¶ 4} In light of this evidence, the magistrate concluded that:
 {¶ 5} "Based on the testimony produced at trial, plaintiff's multiple exhibit A, defendant's exhibit A 1-7, and the fact that three inspections of the subject premises did not reveal the presence of ants and/or dead ant remains anywhere in plaintiff's apartment, the court finds that while plaintiff may have had some ants in her apartment, she failed to produce credible testimony or evidence to show an ant infestation or that the amount of ants were to the degree alleged by plaintiff."
 {¶ 6} Accordingly, the magistrate denied appellant's application for an order to compel repairs and reduce periodic rent. In addition, the magistrate denied appellant's claims for monetary damages.
 {¶ 7} On May 20, 2002, appellant filed objections to the magistrate's report and recommendation. Appellant objected to both the magistrate's factual findings and her decision in favor of appellee.
 {¶ 8} On June 4, 2002, the trial court issued a judgment entry overruling appellant's objections and affirming the magistrate's decision.
 {¶ 9} Appellant timely appealed from this judgment entry. She argues on appeal that the trial court erred in adopting the magistrate's recommendation. We disagree.
 {¶ 10} Civ.R. 53(E)(3)(b), regarding objections to a magistrate's report, states:
 {¶ 11} "Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may object only to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." (Emphasis added.)
 {¶ 12} In State ex rel. Duncan v. Chippewa Twp. Trustees (1995),73 Ohio St.3d 728, 730, the Supreme Court of Ohio held:
 {¶ 13} "When a party objecting to a referee's report has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the report, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the referee's report * * *."
 {¶ 14} The record in this case demonstrates that appellant failed to file a transcript or affidavit of the evidence presented to the magistrate to support her objections to the magistrate's report and recommendation. Likewise, appellant failed to file a transcript of the proceedings below or a statement of evidence pursuant to App.R. 9(C) with this court. Without an adequate record, a court of appeals must "presume the regularity of the [trial court] proceedings and that the facts were correctly interpreted." Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 19-20. Therefore, we conclude that the trial court did not misapply the law or abuse its discretion in adopting the magistrate's recommendation. Boggs v. Boggs (1997), 118 Ohio App.3d 293, 301. Appellant's assignment of error is overruled.
 {¶ 15} Judgment affirmed.
 {¶ 16} It is ordered that appellee recover of appellant costs herein taxed.
 {¶ 17} The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
 {¶ 18} A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J. and COLLEEN CONWAY COONEY, J. CONCUR.
KEYWORDS
magistrate; report; objections; transcript; affidavit of evidence; Civ.R. 53(E)(3)(b).